IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN L. DECKER,

       Plaintiff,                          No. CIV S-11-0668 GGH P

   vs.

GAINES,

       Defendant.                     <u>ORDER</u>

_____/

        Plaintiff is a former state prisoner proceeding pro se an in forma pauperis and seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff alleges that the sole defendant in this case used excessive force against him. On February 7, 2012, defendant filed a motion for summary judgment. On February 17, 2012, plaintiff filed a cross motion for summary judgment. While defendant has filed an opposition to plaintiff's motion for summary judgment, plaintiff has not opposed defendant's motion. The court also notes that plaintiff was released from prison on February 17, 2012.

        Within 21 days plaintiff must file an opposition to defendant's motion for summary judgment. Simply reiterating his motion for summary judgment or including his entire deposition is insufficient. Plaintiff must address defendant's arguments and evidence and respond to defendant's statement of undisputed facts.

1	Plaintiff is again reminded that pursuant to Rand v. Rowland, 154 F.3d 952, 957
2	(9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999), and Klingele v. Eikenberry, 849
3	F.2d 409 (9th Cir. 1988), plaintiff is advised of the following requirements for opposing a motion
4	for summary judgment made by defendants pursuant to Rule 56 of the Federal Rules of Civil
5	Procedure.  Such a motion is a request for an order for judgment in favor of defendants without
6	trial.  A defendant's motion for summary judgment will set forth the facts that the defendants
7	contend are not reasonably subject to dispute and that entitle the defendants to judgment.  To
8	oppose a motion for summary judgment, plaintiff must show proof of his or her claims.  Plaintiff
9	may do this in one or more of the following ways.  Plaintiff may rely upon statements made
10	under the penalty of perjury in the complaint if the complaint shows that plaintiff has personal
11	knowledge of the matters stated and plaintiff calls to the court's attention those parts of the
12	complaint upon which plaintiff relies.  Plaintiff may serve and file one or more affidavits or
13	declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who
14	signs an affidavit or declaration must have personal knowledge of the facts stated.  Plaintiff may
15	rely upon written records, but plaintiff must prove that the records are what plaintiff claims they
16	are.  Plaintiff may rely upon all or any part of the transcript of one or more depositions, answers
17	to interrogatories, or admissions obtained in this proceeding.  If plaintiff fails to contradict the
18	defendants' evidence with counteraffidavits or other admissible evidence, the defendants'
19	evidence may be taken as the truth and the defendants' motion for summary judgment granted.  If
20	there is some good reason why such facts are not available to plaintiff when required to oppose a
21	motion for summary judgment, the court will consider a request to postpone considering the
22	defendants' motion.  If plaintiff does not serve and file a written opposition to the motion or a
23	request to postpone consideration of the motion, the court may consider the failure to act as a
24	waiver of opposition to the defendants' motion.  If the defendants' motion for summary
25	judgment, whether opposed or unopposed, is granted, judgment will be entered for the
26	defendants without a trial and the case will be closed.

1  In accordance with the above, IT IS HEREBY ORDERED that plaintiff must file
2  an opposition to defendant's motion for summary judgment within 21 days.
3  DATED: March 21, 2012

4  /s/ Gregory G. Hollows
   UNITED STATES MAGISTRATE JUDGE
5
6  GGH: AB
   deck0668.ord
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26