IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN L. DECKER,

    Plaintiff,                        No. CIV S-11-0668 WBS GGH P

    vs.

GAINES,

    Defendants.              <u>FINDINGS & RECOMMENDATIONS</u>

         Plaintiff is a former state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Gaines, the sole defendant in this case used excessive force against plaintiff in violation of the Eighth Amendment. On February 7, 2012, defendant filed a motion for summary judgment. On February 17, 2012, plaintiff filed his own motion for summary judgment, but no opposition to plaintiff's motion. Defendant did file an opposition to plaintiff's motion for summary judgment. The undersigned also notes that plaintiff was released from prison on February 17, 2012. Doc. 29. On March 22, 2012, the undersigned ordered plaintiff to file an opposition, within 21 days, to defendant's motion for summary judgment and address defendant's arguments, evidence and statement of undisputed facts. That time period has passed and plaintiff has not filed an opposition or otherwise communicated with the court.

1            In the order directing service filed June 6, 2011, the court stated that "[i]f plaintiff does not serve and file a written opposition to the motion or a request to postpone consideration of defendants' motion, the court may consider the failure to act as a waiver of opposition to defendant's motion." See Local Rule 230 (l).

           A district court may not grant a motion for summary judgment simply because the nonmoving party does not file opposing material, even if the failure to oppose violates a local rule. Martinez v. Stanford, 323 F.3d 1178 (9th Cir. 2003); Brydges v. Lewis, 18 F.3d 651, 652 (9th Cir. March 9, 1994), citing Henry v. Gill Industries, Inc., 983 F.2d 943, 950 (9th Cir. 1993). However, when the local rule does not require, but merely permits the court to grant a motion for summary judgment, the district court has discretion to determine whether noncompliance should be deemed consent to the motion. Id.

           In the instant case, plaintiff has been warned that his failure to oppose a motion for summary judgment may be deemed a waiver of opposition to the motion and on a separate occasion plaintiff was ordered to file an opposition, but plaintiff chose not to respond. Based on plaintiff's failure to file an opposition, the court concludes that plaintiff has consented to defendants' motion for summary judgment. In addition, the undersigned will look to the merits of both motions for summary judgment.

           Plaintiff's motion for summary judgment (Doc. 28) is five pages followed by plaintiff's entire deposition. Plaintiff states he was in a wheelchair and during an argument defendant tried to punch him, only grazing plaintiff's chin and then threw plaintiff to the floor injuring his clavicle. Defendant filed an opposition (Doc. 30), where defendant cites to his declaration in refuting plaintiff's assertions and refers to other evidence. Defendant states that plaintiff was the aggressor and defendant only used minimal force to restrain plaintiff. Plaintiff's motion should fail as defendant has successfully demonstrated that plaintiff is not entitled to summary judgment.

\\\\\

As previously stated, plaintiff has failed to oppose defendant's motion for summary judgment (Doc. 26). While plaintiff's own motion for summary judgment could be construed as an opposition, plaintiff's motion is far too deficient to be construed as such. Simply stating that defendant used excessive force, and attaching a deposition as an exhibit, is an insufficient opposition. Defendant presented strong arguments and submitted a thorough statement of undisputed facts supported by several declarations from the pertinent parties and witnesses. Defendant states that plaintiff was the aggressor and defendant only used minimal force to restrain plaintiff. The undersigned specifically informed plaintiff that he must oppose defendant's arguments and evidence, but plaintiff chose not to. Therefore, the undersigned considers defendant's statement of undisputed facts to be undisputed and defendant has shown that there is no genuine issue as to any material fact. Therefore summary judgment should be granted for defendant.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for summary judgment (Doc. 28) be denied; and

2. Defendant's motion for summary judgment (Doc. 26) be granted and this case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are

\\\\\
\\\\\
\\\\\
\\\\\

1  advised that failure to file objections within the specified time may waive the right to appeal the
2  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3  DATED:   May 3, 2012
4
                                                   /s/ Gregory G. Hollows
                                            UNITED STATES MAGISTRATE JUDGE
5  GGH: AB
   deck0668.sj
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26